UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                Case No. 17-20838
                                          HON. DENISE PAGE HOOD

v.

D-1 Ehab Sitto,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S EMERGENCY MOTIONS FOR COMPASSIONATE RELEASE [ECF Nos. 96, 97]**

**I.    INTRODUCTION**

Defendant Ehab Sitto is serving a 60-month sentence after pleading guilty pursuant to a Rule 11 Plea Agreement to two counts of Malicious Use of Fire, 18 USC 844(i) based on his hiring of person experiencing homelessness to commit arson for the purpose of insurance fraud. The Court sentenced Defendant on May 23, 2019 and a Judgment was entered June 7, 2019. Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c) (ECF Nos. 96, 97), which the Government opposes (ECF Nos. 100).

Defendant has not asserted any medical conditions that are CDC risk factors, but instead offers family history, and current coronavirus infections by family members as well as a generalized concern regarding the possibility that he will

1

contract the coronavirus at Federal Correction Institution Morgantown ("FCI Morgantown" or "Morgantown"). For these reasons, the Court concludes that Defendant should not be released pursuant to 18 U.S.C. § 3582(c)(1)(A) and it **DENIES** his motion (ECF Nos. 96, 97).

## II. LEGAL ANALYSIS

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. Section 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant has now properly exhausted all administrative remedies. [ECF. 100 Pg.ID 513] The Government does dispute, however, whether Defendant's health and family circumstances constitutes an extraordinary circumstance warranting his release. And the Government asserts that the § 3553(a) factors do not support Defendant's release. [ECF. 100 Pg.ID 517]

Defendant admits that he is not suffering from any serious illnesses but instead, asserts that having A+ blood type, a familial background of heart disease, and the type of care available at Morgantown makes him more susceptible to a coronavirus infection. [ECF. No 96 Pg.ID 407] At the time of his presentence interview in 2019, Defendant informed the Probation Department that he was good health, had no chronic illnesses, and was not taking any prescribed medication. [ECF. 100 Pg.ID 515] Since July 23, 2019, the medical professionals at Morgantown have been providing medical and dental care to the Defendant and to date he has not been prescribed any medicine nor required significant medical treatment for any illness, including heart related illnesses.

None of the Defendant's concerns are on the CDC list of underlying medical conditions for which people are at increased risk for severe illness from the coronavirus. Defendant does not qualify as obese, his calculated body mass index (BMI) is 26.8 based on his height (5'11) and weight (192 lbs.). Additionally,

Defendant points to the Bureau of Prisons website as proof that Morgantown is not taking the proper coronavirus precautions because the number of cases increased from 74 to 121 over three days in December. As of January 2021, the cases at Morgantown have significantly decreased. Out of 442 inmates, Morgantown has eight active cases, two inmates and six officers.[1]

Defendant offers no temporal comparisons or basis as to why the cases increased in December or how that increased his likelihood of contracting the coronavirus and, "courts have consistently held that 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot justify compassionate release." *United States v. Alqsous*, No. 1:16-cr-329-2, 2020 WL 3402861, at *5 (N.D. Ohio 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Defendant has not shown that he is "at a heightened risk of severe complications" should he contract COVID-19 or that the "BOP medical staff is incapable of treating his conditions, "he has not shown that 'extraordinary and compelling reasons warrant such a reduction,' as section 3582(c)(1)(A)(i) requires." *United States v. Scholtz*, No. 16-20293, (E.D. Mich. Oct. 16, 2020) (Lawson, J.).

### III. CONCLUSION

For the reasons stated above, the Court concludes that Defendant has not established any extraordinary and compelling reasons for a reduction in his 60-month sentence.

Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release [ECF Nos. 96, 97] is **DENIED**.

IT IS ORDERED.

                                      s/Denise Page Hood
                                      DENISE PAGE HOOD
Dated: July 7, 2021                   UNITED STATES DISTRICT JUDGE

---

[1] COVID-19 Coronavirus, Bureau of Prisons (last accessed Jan. 15, 2021) https://www.bop.gov/coronavirus/; *see also*, FCI Morgantown, https://www.bop.gov/locations/institutions/mrg/.